## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HOPKINS & SONS, INC.,                     )
                                          )
               Plaintiff,           )
                                          )
      v.                        )    C.A. No. _____
                                          )
DELAWARE MOVING & STORAGE,                )    Jury Trial Demanded
INC.,                                     )
                                          )
               Defendant.           )

## COMPLAINT FOR TRADENAME INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Hopkins & Sons, Inc. ("Hopkins" or "Plaintiff") brings this Complaint against Defendant Delaware Moving & Storage, Inc. ("Delaware Moving" or "Defendant"), and alleges as follows:

### NATURE OF THIS ACTION

1.     This is an action for tradename infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; 15 U.S.C. § 1114(a); unfair competition, passing off, false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); and the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.*

### PARTIES

2.     Hopkins is a Delaware corporation, and has its principal place of business at 1 Bellacor Drive, New Castle, Delaware 19720. Hopkins is a family-owned business that provides packing, moving, and storage services throughout the United States. Hopkins was founded in 1946, and has operated under the Hopkins & Sons, Inc. name continuously since that time.

3.     On information and belief, Defendant Delaware Moving was originally incorporated under the laws of the State of Delaware on or about September 4, 1984 under the name First State Movers, Inc., but changed its name to Delaware Moving & Storage, Inc. on or about October 2, 1984. Defendant competes directly with Hopkins in the market for packing, moving, and storage services, and has its principal place of business at 244 Quigley Boulevard, New Castle, Delaware 19720. Delaware Moving is its own agent for service of process, and its address for service of process is Delaware Moving & Storage, Inc., 4821 Pennington Court, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C. § 1338(a) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

5.     This Court has jurisdiction of the unfair competition claim herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Law of the United States, 15 U.S.C. §§ 1051 *et seq.*

6.     This Court has personal jurisdiction over Defendant. On information and belief, Defendant is incorporated under the laws of the State of Delaware, has its principal place of business in this judicial district, has systematic contacts with this judicial district, regularly transacts business in this judicial district, and has availed itself of the benefits of this judicial district. Furthermore, the events giving rise to the causes of action described herein occurred in this judicial district, and the acts complained of continue to occur and are ongoing in this judicial district.

7.     Venue is proper under 28 U.S.C. §§ 1391.

2

## FACTS

8.      Hopkins was founded by the Hopkins family in 1946, and has operated under the Hopkins tradename in interstate commerce from that time to the present.

9.      Throughout its more than 60 years of operation, Hopkins has invested considerable time, effort, and money in promoting and advertising its moving services under the Hopkins tradename to create an association in the minds of the consuming public between the Hopkins tradename and high quality and affordable packing, moving, and storage services, and to distinguish Hopkins' services from those provided by others.  Hopkins has prominently displayed the Hopkins tradename on its vehicles, on letterheads, bills, direct mail advertising, radio and television advertising, telephone directory advertising, and in periodicals distributed throughout Delaware, Maryland, Pennsylvania, and New Jersey.  As a result of said marketing and advertising, recognition of the Hopkins tradename has developed, and now has a secondary and distinctive tradename meaning to purchasers of packing, moving, and storage services. Hopkins has thus acquired common-law tradename rights in the use of the Hopkins name for packing, moving, and storage services in the relevant market.

10.      On information and belief, Defendant was founded by James W. Hopkins in 1984. Prior to founding Delaware Moving, James W. Hopkins was a shareholder, Director, Vice-President and Treasurer of Hopkins & Sons, Inc.  On September 20, 1984, James Hopkins resigned his positions with Hopkins, and Hopkins purchased all of James Hopkins' shares of Hopkins & Sons, Inc.'s common capital stock for the sum of $125,000.00.  On that same date, Harry C. Hopkins, James W. Hopkins and Carolyn Nafzinger entered into a separate agreement (the "Termination Agreement", copy attached as Exhibit A) that terminated an earlier agreement dated March 15, 1981.  Under the terms of the Termination Agreement, Harry C. Hopkins and Carolyn G. Nafzinger, agreed that the departing James W. Hopkins could engage in the moving,

3

hauling and storage business in the relevant market area, and in return, James W. Hopkins agreed that he would not use the Hopkins name in the title of his business.

11.    Pursuant to the terms of the Termination Agreement, Delaware Moving's title does not include the Hopkins name, and Hopkins and Delaware Moving peacefully co-existed for more than 20 years.

12.    In or around 2006, Defendant changed its advertising in the Yellow Pages by making a more prominent use of the name Hopkins through the use of a photograph of five individuals, with the caption "Hopkins Family." Defendant's revised advertising further stated that it was "Family Owned & Operated Since 1946," even though it did not exist until 1984. (A copy of Defendant's advertising in the 2006 Yellow Pages is attached as Exhibit B)

13.    In or around July of 2006, Hopkins demanded via counsel that Defendant cease and desist from representing itself as "Family Owned & Operated Since 1946" when, in fact, it was first incorporated in 1984.

14.    Defendant agreed to remove the "Family Owned & Operated Since 1946" language.

15.    Defendant also attempted to capitalize on Hopkins' goodwill when it mimicked Hopkins' own advertising and coupons in the Yellow Pages. Hopkins' Yellow Pages coupons were presented in red and blue block letters on a white background. (A copy of Hopkins' coupons as presented in the 2006 Yellow Pages is attached as Exhibit C.) Defendant subsequently distributed confusingly similar coupons, containing virtually identical language also in red and blue block letters on a white background. (Copies of Defendant's confusingly similar advertising are attached as Exhibit D.) Indeed, Defendant's coupons were confusing to the extent that the United States Postal Service returned Defendant's advertising to Hopkins in

the mistaken belief that Hopkins had mailed it. (A copy of that returned advertising is attached as Exhibit E.)

16.    In January of 2007, Hopkins demanded via counsel that Defendant cease and desist from publishing and distributing coupons and advertising that were confusingly similar to that used by Hopkins. Specifically, Hopkins demanded that Defendant cease using coupons containing the precise language and colors as used by Hopkins in its telephone book advertising.

17.    Defendant again agreed to change it advertising.

18.    Defendant also attempted to capitalize on the Hopkins name when it began to distribute coupons for $40 off the cost of moving services (the "$40 Off" coupon). The $40 Off coupon prominently displayed the language "Let the Hopkins Family Move YOUR Family!" with the Hopkins name presented in a contrasting color and larger text to draw consumers' attention to the Hopkins name. (A copy of Defendant's coupon is attached as Exhibit F.)

19.    Defendant's use of the Hopkins name in its "$40 Off" coupons created actual confusion among consumers about the source of packing, moving, and storage services offered in the coupon. On at least two occasions moving-services consumers presented Defendant's deceptive and confusing "$40 Off" coupons to Hopkins, in the mistaken belief that the prominently displayed Hopkins name referred to Hopkins, the moving company. To preserve its goodwill and reputation, Hopkins honored Defendant's deceptive coupons. On other occasions, the most recent of which occurred on August 22, 2008, consumers contacted Hopkins to inquire about packing, moving and storage services after receiving Defendant's confusing "$40 Off" coupon in the mistaken belief that Hopkins had distributed the coupons.

20.    Hopkins has also received numerous telephone calls from consumers believing that Hopkins was the same as, or related to, Defendant.  In January of 2007, one consumer went so far as to send payment to Hopkins for moving services actually provided by Defendant.

21.    In March of 2008, a Hopkins representative had an appointment to survey the items that a potential customer wanted moved, and to prepare an estimate of the cost to move those items.  When the Hopkins' representative called the customer to re-confirm the appointment, the customer stated that Hopkins had already sent an individual named Drew to give him an estimate.  When the Hopkins representative explained that Hopkins had no estimator named Drew, the customer asked if he was talking to a representative of Hopkins & Sons.  When Hopkins' representative confirmed that he was with Hopkins & Sons, the customer said that he had already contracted with Delaware Moving.  The customer apologized for the confusion and said he no longer needed Hopkins' services.  The customer believed that "Drew" was employed by Hopkins & Sons, and based on this mistaken understanding believed that he had contracted with Hopkins.

22.    On information and belief, Defendant has engaged in a pattern of willful and intentional infringement of Hopkins' valid common-law tradename with the actual intent of confusing consumers of packing, moving and storage services into believing that Defendant is associated, affiliated or endorsed by Hopkins, thereby, causing those confused consumers to use Defendant rather than Hopkins.

23.    On information and belief, Defendant's willful and intentional infringement has caused actual confusion among consumers of packing, moving, and storage services that Defendant is associated or affiliated with Hopkins, and that Hopkins had approved or endorsed

6

Defendant. As a result of Defendant's intentional acts, Plaintiff Hopkins has been irreparably damaged and will continue to be damaged.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

24.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs Nos. 1 through 23.

25.    Defendant has been and still is directly infringing Hopkins' common law tradename in interstate commerce by various acts, including, but not limited to, using the Hopkins name in offering for sale and advertising packing, moving, and storage services. Defendant's use of the Hopkins tradename in a manner that is likely to cause consumer confusion is without permission or authority of Hopkins, and said use by Defendant is not only likely to cause confusion, to cause mistake, and to deceive, but has caused actual confusion, mistake, and deception.

26.    Defendant's alleged acts of tradename infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

27.    Hopkins has requested Defendant to cease and desist from its acts of tradename infringement and has given Defendant actual notice of Hopkins' common law rights in the Hopkins tradename, but Defendant has refused to cease such acts. Defendant's actions are willful and deliberate.

28.    Hopkins has been, and is being damaged, by Defendant's infringement. Hopkins is suffering, and will continue to suffer, damage, including irreparable harm for which there is no adequate remedy at law, unless this Court enjoins Defendant's infringement of the Hopkins tradename.

29.    As a result of Defendant's actions, Hopkins has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits, and the strength of its tradename. The injury to Hopkins is and continues to be ongoing and irreparable. An award of

8

monetary damages alone cannot fully compensate Hopkins for its injuries and Hopkins therefore lacks an adequate remedy at law.

30.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

31.    Hopkins is entitled to a preliminary injunction to prevent further damage to Hopkins, and entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF AND FALSE ADVERTISING

32.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs Nos. 1 through 31.

33.    The Hopkins tradename, as used by Hopkins in connection with providing packing, moving and storage services, is distinctive and has become associated with Hopkins and thus exclusively identifies Hopkins' business and services.  By virtue of its recognition and use, the Hopkins tradename is now famous and serves uniquely to identify services provided by Hopkins.  Through widespread and favorable public acceptance and recognition, this mark enjoys tremendous goodwill and has become an asset of incalculable value as a symbol of Hopkins' services.

34.    Because of Defendant's wrongful use of the Hopkins tradename consumers are deceptively led to believe that Defendant is associated with, is sponsored by, or is otherwise

9

approved by Hopkins in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), thus destroying the goodwill and value Hopkins has built with the Hopkins tradename.

35.     The foregoing acts and conduct by Defendant constitute false designation of origin, passing off and false advertising in connection with services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Defendant's acts, as set forth above, have caused irreparable injury to Hopkins' goodwill and reputation.  The injury to Hopkins is and continues to be ongoing and irreparable. An award of monetary damages alone cannot compensate Hopkins for its injuries and Hopkins therefore lacks an adequate remedy at law.

37.     Hopkins is entitled to a preliminary injunction to prevent further damage to Hopkins, and entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits; and costs and attorneys' fees.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

38.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs Nos. 1 through 37.

39.     The Hopkins mark is a famous tradename within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

40.     Hopkins has no control over the quality of Defendant's services, advertising or promotional materials, its use of the Hopkins tradename, and Defendant's misappropriation of the Hopkins tradename.  As a result of Defendant's use, the distinctive qualities of the Hopkins tradename are being and will continue to be diluted.

41.     Defendant's use of and dissemination of materials bearing the Hopkins tradename, is and will continue to result in the dilution of the distinctive nature of the Hopkins tradename through blurring, in violation of 15 U.S.C. § 1125(c).

42.     Defendant's wrongful conduct constitutes an extreme threat to the distinctiveness of the Hopkins tradename that Hopkins has expended great efforts to develop and maintain through its usage of the Hopkins tradename.

43.     The distinctive nature of the Hopkins tradename is of enormous value, and Hopkins is suffering and will continue to suffer irreparable harm and blurring of the Hopkins mark if Defendant's wrongful conduct is allowed to continue.

44.     Hopkins is entitled to a preliminary injunction to prevent further damage to Hopkins, and entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits; and costs and attorneys' fees.

## COUNT IV
## STATE COMMON LAW UNFAIR COMPETITION

45.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs Nos. 1 through 44.

46.     Defendant's actions, as described above, constitute unfair competition under the common law of the State of Delaware.

47.     Defendant has promoted and marketed its moving services using the Hopkins tradename in violation of Hopkins' tradename rights, with the full knowledge of these rights, for the purpose of trading on Hopkins' goodwill and reputation, and to pass off its services as those of Hopkins and gain an unfair competitive advantage.

48.     Hopkins is entitled to recover its actual damages in the form of lost profits, disgorgement of Defendant's profits, a sum sufficient to conduct corrective advertising, plus punitive damages.

49.     Defendant's acts, as set forth above, have caused irreparable injury to Hopkins' goodwill and reputation.  The injury to Hopkins is and continues to be ongoing and irreparable. An award of monetary damages alone cannot compensate Hopkins for its injuries and Hopkins lacks an adequate remedy at law.

50.     Under the common law of the State of Delaware, Hopkins is entitled to a preliminary injunction to prevent further damage to Hopkins, and is entitled to preliminary and permanent injunctive relief to prevent Defendants continuing unfair competition.

## COUNT V
## STATE DECEPTIVE TRADE PRACTICES

51.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs Nos. 1 through 50.

52.     Defendant's actions, as described above, constitute unfair competition under the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.*

53.     Defendant's actions, as described above, constitute deceptive trade practices under Delaware's Deceptive Trade Practices Act in that such actions constitute a passing off of Defendant's services as those of Hopkins, create a likelihood of confusion or misunderstanding as to source, sponsorship, approval, or certification of Defendant's services, and create a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, association with, or certification by Hopkins in violation of 6 Del. C. § 2532.

54.     Defendant's willful and deceptive trade practices entitle Hopkins to recover three times its actual damages, as well as reasonable attorneys' fees.

55.     Hopkins is entitled to a preliminary injunction to prevent further damage to Hopkins, and is entitled to preliminary and permanent injunctive relief under 6 Del. C. § 2533 to prevent Defendant's continuing deceptive trade practices.

### PRAYER FOR RELIEF

WHEREFORE, Hopkins prays for the following relief against Defendant:

1.     That Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of the Court's Order by personal service or otherwise, be preliminarily and permanently enjoined from:

     a.     Using the Hopkins name, or any variation of the word Hopkins, including but not limited to, any term that includes "Hopkins" or a misspelling of Hopkins in connection with the promotion, marketing, advertising, public relations and/or operation of Defendant;

     b.     Doing any other act likely to induce the belief that Defendant's business or services are in any way connected with, sponsored, affiliated, licensed, or endorsed by Hopkins.

     c.     Using the Hopkins name for goods or services, or on the internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendant with Hopkins;

2.     That Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Hopkins within thirty days after service of the preliminary and

permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

   3.  That Hopkins recover its actual damages sustained as a result of Defendant's wrongful actions;

   4.  That Hopkins recover Defendant's profits made as a result of Defendant's wrongful actions;

   5.  That Hopkins recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times Hopkins' damages, whichever is greater;

   6.  That this case be deemed an exceptional case under 15 U.S.C. § 1117(a) and (b) and that Defendant be deemed liable for and ordered to reimburse Hopkins for its reasonable attorneys' fees;

   7.  That Hopkins be awarded exemplary damages for Defendant's willful and intentional acts;

   8.  That Hopkins recover its costs of court,

   9.  That Hopkins recover pre and post-judgment interest, and

   10.  That Hopkins recover such further relief to which it may be entitled.

## DEMAND FOR A JURY TRIAL

Hopkins respectfully requests trial by jury as to all issues so triable, pursuant to the

Federal Rules of Civil Procedure and D. Del. LR 38.1.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: _____
James M. Kron  (ID No. 3898)
Daniel F. Wolcott, Jr.  (ID No. 284)
1313 North Market Street--6th Floor
Wilmington, Delaware  19801
(302) 984-6000
Fax:  (302) 658-1192

*Attorneys For Plaintiff Hopkins & Sons, Inc.*

Date:   September 3, 2008

[860507 / 30328]

15

# EXHIBIT A

A G R E E M E N T

THIS AGREEMENT, made and entered into this 20th day of September, 1984; by and between HARRY C. HOPKINS, JAMES W. HOPKINS and CAROLYN G. NAFZINGER.

WITNESSETH:

WHEREAS, Harry C. Hopkins and James W. Hopkins are the sole common stockholders of Hopkins & Sons, Inc., a corporation of the State of Delaware; and

WHEREAS, Carolyn G. Nafzinger is the surviving spouse of Ralph E. Hopkins, a former retired shareholder of the said corporation; and

WHEREAS, the parties are desirious of terminating a certain Agreement dated March 15, 1981.

NOW, THEREFORE, in consideration of the sum of One Dollar ($1.00), in hand paid, each to the other, the receipt of which is hereby acknowledged, the parties hereto mutually covenant and agree as follows:

1.  The parties hereto terminate the Agreement dated March 15, 1981, a copy of which is attached hereto.

2.  Carolyn G. Nafzinger joins in this Agreement to terminate any interest that she may have, if any, in the said corporation.

3.  This Agreement will allow the said James W. Hopkins to engage in the moving, hauling and storage business, except that the name "Hopkins" shall not be contained in the title of said business.

IN WITNESS WHEREOF, the parties hereto intending to be bound hereunder, have set their Hands and Seals the day and year first above written.

Signed, Sealed and Delivered
in the Presence of:

_____          _____ (Seal)
                                          Harry C. Hopkins

_____          _____ (Seal)
                                          James W. Hopkins

_____          _____ (Seal)
                                          Carolyn G. Nafzinger

# EXHIBIT B



**Cook's Service Co.**
Air Conditioning •
Plumbing •
Electric •
**610-268-5318**
©2006 Verizon Directories Inc. All Rights Reserved.





## Verizon Yellow Pages™
superpages.com
America's Best Yellow Pages™

# SOUTHERN CHESTER COUNTY

*Includes Listings for All Local Exchange Telephone Companies*

**AREA CODES 610, 484  •  JULY 2006**

To check menus, hours and credit cards accepted, turn to *Dining Your Way*

**Go To Coupons**
Your guide to valuable savings. Shop on. Save on!




Find all those people you need to talk to right away. Quick! Turn to *Verizon White Pages.*





**Proud Partner of the Philadelphia Eagles**

Order any directory anytime by calling 1-800-888-8448 or online at www.directorystore.com



**People You Can Trust** In Your Home For Service

**All** Plumbing **All** Drain Cleaning **All** The Time

**610-444-6114**

Serving All Chester County

**RESIDENTIAL & COMMERCIAL**
**LICENSED & BONDED**
**REGISTERED MASTER PLUMBER**

VISA  MasterCard  BBB





AllStar SERVICES  610-444-1234

Verizon Recycles. The white and yellow pages are printed on paper containing up to 40% post-consumer recycled fiber. ©2006 Verizon Directories Corp. All rights reserved.



# RALPH G. SMITH, INC.
## 4th Generation Family Owned & Operated Since 1896
### Expert Moving of Households & Offices for 100 Years
### "WEST CHESTER'S OLDEST MOVING CO."

**Specializing In:**
- Local & Long Distance Moving
- Pre-Move Planning For Office & Commercial Moves
- Specialized Equipment For Electronics
- Full Packing Service & Materials
- Storage

239 E. MARKET STREET · WEST CHESTER, PA

## 610-696-4200
www.ralphgsmithinc.com

FREE ESTIMATES

ICC MC 60786 · PUC A83135

M

# We move your life.

Call the company that understands you are moving more than just your belongings.

- Free, no obligation estimates
- Professional move coordinators
- On-time pickup and delivery
- Full coverage protection plans
- Expert packing and crating services
- Local & Wheaton Interstate/International Service
- Competitive rates
- Residential & commercial
- Office moves
- Safes, pianos, hot tubs
- Containerized storage

Agent for Wheaton Interstate Moving



## Wheaton
### WORLD WIDE MOVING



DELAWARE

HOPKINS FAMILY

# DELAWARE Moving & Storage
## 1-800-296-0417

Good Housekeeping Promises
This seal applies only to Wheaton Van Lines Interstate moving

www.delawaremovingandstorage.com

PIKE CREEK
WILM/NEWARK

(302) 322-0311
244 Quigley Blvd., New Castle, DE 19720

VISA MasterCard DISCOVER

SPECIALIZING IN MOVES TO CAROLINAS, GA AND FLORIDA
MC 871113 USDOT 70719

Official Mover for STEINWAY & SONS
Steinway and the Lyre are registered trademarks of Steinway & Sons, Inc.
MC 871113 USDOT 70719

# EXHIBIT C



# veri on



**Proud Partner of the Philadelphia Eagles**

## Verizon Yellow Pages™
**super**pages.com
America's Best Yellow Pages™

# WILMINGTON

*Includes Listings for All Local Exchange Telephone Companies*

**AREA CODE 302 • APRIL 2006**



*Look Inside For Your Game Piece And*
# Win Big!

555-2827

...stantly Win
# $3 Million

Or **win** one of **sixty-four** 2006 **HUMMER H3s** or thousands of other prizes. Look on the back of this game piece to play!

*See details at www.superpages.com/rules

**Order any directory anytime by calling 1-800-888-8448 or online at www.directorystore.com**



# 302-353-4338
©2006 Verizon Directories Corp. All Rights Reserved.

Licensed to practice law in Delaware, Pennsylvania, New Jersey, Maryland & New York

• Automobile Accidents • Wrongful Death • Job Related Accidents
• Head & Spinal Cord Injuries • Construction Site Accidents
• Medical Malpractice • Slip & Fall • Worker's Compensation
www.mylawman.com

# DAVID P. CLINE
1300 N. Market St. • Suite 700
WILMINGTON



♲ Verizon Recycles. The white and yellow pages are printed on paper containing up to 40% post-consumer recycled fiber. ©2006 Verizon Directories Corp. All rights reserved.

# Hopkins & Sons inc.

Your 4th Generation Relocation Company

*Moving The World Since 1946*





• Residential & Commercial Relocation Services
• Local, Long Distance & International
• Over 80,000 Sq. Ft. Of Secured Vaulted Storage

*Agent Of The Year For* **PAUL ARPIN** VAN LINES

*Call For A FREE No Obligation Estimate*

**322-5421**

1 Bellecor Drive, New Castle, DE 19720 • www.hopkinsandsons.com    ICC# MC621

---

## Hopkins & Sons inc.

*Moving The World Since 1946*
www.hopkinsandsons.com

# $50 Off

Any Local Move Completed During The Months Of December, January, February, Or March That Exceed $400.00

Must Be Presented At Time Of Move.
One Coupon Per Customer

**(302) 322-5421**

Expires 4/1/07

---

## Hopkins & Sons inc.

*Moving The World Since 1946*
www.hopkinsandsons.com

# $25 Off

Any Local Move Completed During The Months Of April Through November That Exceed $500.00

Must Be Presented At Time Of Move.
One Coupon Per Customer

**(302) 322-5421**

Expires 4/1/07

---

## Hopkins & Sons inc.

*Moving The World Since 1946*
www.hopkinsandsons.com

# 10% Off

All Packing Materials Purchased From Hopkins & Sons When We Pack Your Belongings. Local Moves Only.

One Coupon Per Customer

**(302) 322-5421**

Expires 4/1/07

---

## Hopkins & Sons inc.

*Moving The World Since 1946*
www.hopkinsandsons.com

# FREE

Use Of Wardrobes During All Local Moves. For Moves That Take Place October Thru March. All Wardrobes Must Be Returned At Job Completion.

Expires 4/1/07

**(302) 322-5421**

COUPONS

# EXHIBIT D

## Delaware
## Moving & Storage, Inc.

An Agent for Wheaton Van Lines Inc.

(302) 322-0311 • (800) 296-0417

# FREE

Use Of Wardrobes During All Local Moves.
For Moves That Take Place October
Thru April All Wardrobes Must Be Returned
At Job Completion.

---

## Delaware
## Moving & Storage, Inc.

An Agent for Wheaton Van Lines Inc.

(302) 322-0311 • (800) 296-0417

# $50
# Off

Any Local Move Completed During
The Months Of October Through
April That Exceeds $500.00

(302) 322-0311

**Must Be Presented At
Time Of Estimate**

---

## Delaware
## Moving & Storage, Inc.

An Agent for Wheaton Van Lines Inc.

(302) 322-0311 • (800) 296-0417

# FREE STORAGE

When you purchase 2 Months of Storage
we'll show you just how much we appreciate your
business by giving you the third Month FREE!

# EXHIBIT E

*We Just Heard*

*You're*

See our
MONEY $AV

Coupon on other side

Wheaton
WORLD WIDE MOVING

□ INSUFFICIENT ADDRESS
□ ATTEMPTED NOT KNOWN
□ NO SUCH NUMBER/ STREET
□ NOT DELIVERABLE AS ADDRESSED
   - UNABLE TO FORWARD

A
C
S

OTHER

RTS
RETURN TO SENDER

UNITED STATES POSTA

62   1P
0002168143   JAN 05 2007
MAILED FROM ZIPCODE 19720

$ 000.24⁰

# EXHIBIT F



**DELAWARE**
MOVING & STORAGE, INC.

** Delaware Moving & Storage is owned and operated by the Hopkins Family

*MOVE* YOUR **Family!"**

**Let the Hopkins Family**

\* ONE COUPON ONLY PER MOVE

*Must be presented at time of estimate.*

*Any Local Move Completed During The Months Of September Thru May That Exceeds $600.00.*

# $40 OFF

(302) 322-0311 • (800) 296-0417

*An Agent For Wheaton Van Lines Inc.*

**DELAWARE**
MOVING & STORAGE, INC.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

HOPKINS & SONS, INC.

**DEFENDANTS**

DELAWARE MOVING & STORAGE, INC.

**(b)** County of Residence of First Listed Plaintiff  New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

James M. Kron  (# 3898) / Daniel F. Wolcott, Jr. (#284)
Potter Anderson & Corroon LLP
1313 North Market Street—6th Floor / Wilmington, DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Tradename infringement under Lanham Act, 15 U.S.C. §§ 1051 et seq.; 15 U.S.C. § 1114(a); unfair competition, passing off, false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); and the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  09/03/2008

SIGNATURE OF ATTORNEY OF RECORD

*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 8 - 5 5 6

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_9/3/08_
(Date forms issued)

X _____
(Signature of Party or their Representative)

X _____JOHN D. RITTER_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action